

**NUMBER 13-17-00428-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**In the Interest of I.C.C., D.C., D.R., R.R., A.R., E.R., J.R., and M.R., Children**

---

**On appeal from the 36th District Court of San Patricio County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant A.R.[1] appeals the termination of her parental rights. *See* TEX. FAM. CODE § 161.001 (West, Westlaw through 2017 1st C.S.). We affirm.

---

[1] To protect the children's privacy, the Court will refer to the subject children by the initials I.C.C., D.C., D.R., R.R., A.R., E.R., J.R., and M.R., to the appellant mother as A.R, and to the fathers as F.C. and R.M.R. TEX. R. APP. P. 9.8. The trial court also terminated F.C's and R.M.R.'s parental rights to the children; neither F.C nor R.M.R. appeal the judgment.

## I. BACKGROUND

On January 26, 2016, The Texas Department of Family and Protective Services (Department) received a report that a four-month old child was unresponsive and not breathing, the child was later pronounced dead. The child was in the care of the father, R.M.R.

In July of 2017, a trial was held to determine whether the parental rights of A.R. should be terminated. *See id.* The State alleged A.R. engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children and that termination of parental rights was in the best interests of the children.

A bench trial was held over the course of two days. After hearing all of the testimony and reviewing all of the evidence, the trial court found that the parental rights of appellant should be terminated. A subsequent order to that effect was rendered.

This appeal followed. Appellant's court-appointed counsel has filed an *Anders* brief accompanied by a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967).

## II. *ANDERS* BRIEF

Pursuant to *Anders v. California*, A.R.'s court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas,

an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), A.R.'s counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.[2]  Counsel has informed this Court, in writing, that counsel has:  (1) notified the A.R. that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided A.R. with a copy of the *Anders* brief and the motion to withdraw; (3) informed the A.R. of her rights to file a pro se response[3] and review the record preparatory to filing that response; and (4) provided the A.R. with electronic access to the appellate record, and the mailing address for the court of appeals.  *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319 (tex. Crim. App. 2014); *see also In re Schulman*, 252 S.W.3d at 409 n.23.

A.R. received electronic access to the appellate record on or about September 12, 2017.  A.R.'s counsel requested a thirty-day filing extension for A.R.'s pro se response. We granted the motion on September 13, 2017, with notice sent to A.R.  On November 7, 2017, this Court granted A.R. an additional extension of time to file a *pro se* response,

---

[2] Appellant's counsel informed us that after a full and diligent review of the record, he was unable to identify any non-frivolous grounds for appeal.  Rather, he articulated that there was an overwhelming amount of evidence to conclude that appellant committed grounds sufficient for termination and that it was in the best interests of the children.

[3] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding).

should she choose to do so. The deadline was extended to November 27, 2017. However, a reasonable amount of time has passed since that extension expired, and A.R. has not filed a *pro se* response with the Court.

### III. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record.

### IV. MOTION TO WITHDRAW

A.R.'s counsel has asked this Court for permission to withdraw as appellate counsel. However, the Texas Supreme Court recently held that the right to counsel in

suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). It was held that (1) the right to appointed counsel under § 107.013(a)(1) of the Family Code includes the exhaustion of appellate remedies through the Texas Supreme Court, (2) counsel's belief that his client has no grounds to seek further review is not alone good cause to permit counsel's withdrawal, and (3) appointed counsel's obligations can be satisfied by filing a petition for review with the Supreme Court comporting with *Anders*. *See Id.* Accordingly, counsel's obligation to A.R. has not yet been discharged. Counsel's motion to withdraw is therefore DENIED at this time. If A.R., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*

## V. Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
4th day of January, 2018.

5